525

Argued and submitted August 8, affirmed November 13, 2003

In the Matter of the Compensation of
Anne L. Ernst, Claimant.

FRED MEYER STORES, INC.,
*Petitioner,*

*v.*

Anne L. ERNST,
*Respondent.*

01-02036; A118163

79 P3d 387

Deborah L. Sather argued the cause for petitioner. With her on the briefs was Sather, Byerly & Holloway.

David J. Hollander argued the cause for respondent. On the brief were Philip M. Lebenbaum and Hollander, Lebenbaum & Gannicott.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief *amicus curiae* for State of Oregon.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

In this workers' compensation case, petitioner Fred Meyer Stores, Inc. (Fred Meyer), argues that the Workers' Compensation Board abused its discretion by issuing its order in the absence of a board member with the "background and understanding as to the concerns of employers * * *." ORS 656.712(1). For the reasons that follow, we hold that the board did not abuse its discretion and affirm.

Claimant filed an occupational disease claim for bilateral carpal tunnel syndrome. Fred Meyer denied the claim. After a hearing, an administrative law judge (ALJ) set aside Fred Meyer's denial. Fred Meyer then requested review by the board. ORS 656.289(3). The board panel that reviewed the case consisted of board members Biehl, Bock, and Phillips Polich. No employer representatives reviewed the claim because there were no such board members on the board at the time of review. The board affirmed, holding that claimant's occupational disease claim was compensable. Fred Meyer requested reconsideration, arguing that the board should withdraw its order and issue a new order after there was an employer representative on the board. At the time the board reconsidered its order, there was an employer representative on the board. Fred Meyer argued that the board had a long-standing policy of having an employer and employee representative on each panel and, while acknowledging that there were no current employer representatives on the board, contended that the board would err if it decided the case without the participation of an employer representative. The board denied Fred Meyer's request to reassign this case to another panel after an employer representative was appointed to the board.

Fred Meyer then filed this petition for judicial review. Fred Meyer does not assign error to the board's holding that respondent's occupational disease claim is compensable. Rather, the sole question is whether the board abused its discretion in issuing the order without review by an employer representative, "contrary to statutory policy and longstanding practice."

Fred Meyer argues that ORS 656.712(1) requires that the board fairly represent the interests of both employers and employees. Pursuant to that statute, the board's past practice had been that its panels have both an employer and an employee member. If those two members did not agree, then a public member would join the panel as the "tiebreaker." Fred Meyer notes that the board followed this policy until spring 2002. For some time, the board declined to issue substantive orders, but in April 2002 the board decided to issue orders without review by an employer representative. Fred Meyer argues that the board abused its discretion in issuing those orders because (1) there was no employer representative, and (2) the board failed to give an adequate explanation for its sudden change of policy.

■■ Resolution of this issue requires interpretation of several statutes: ORS 656.012; ORS 656.289; ORS 656.712; ORS 656.716; and ORS 656.718.[1] In construing those statutes, we apply the familiar methodology described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We first examine the text of the statutes, because the words of the statute are the best evidence of the legislature's intent. *Id.* at 610. Also at the first level of analysis, we consider rules of statutory construction that bear directly on how to read the statutes. For example, we are neither to insert into a statute words that have been omitted nor are we to omit from a statute words that have been inserted. ORS 174.010. Normally we give words their plain, natural, and ordinary meaning. At the first level of analysis, we also consider the context of the statutory provisions at issue, which includes other provisions of the same or related statutes. If the legislative intent is clear after this first-level analysis, further inquiry is unnecessary. *PGE*, 317 Or at 611.

ORS 656.012 states the legislative findings, policy, and objectives of the Workers' Compensation Law. ORS

---

[1] Oregon Laws 2003, chapter 365, section 1, amended ORS 656.718 to add a new provision that, if either an employer or an employee member was not available to review a case, the public member may be substituted for the missing employer or employee member. This new provision is effective January 1, 2004, and does not apply to this case.

656.012(3) provides, "In recognition that the goals and objectives of the Workers' Compensation Law are intended to benefit all citizens, it is declared that the provisions of this law shall be interpreted in an impartial and balanced manner." The theme of fair and impartial interpretation is continued in the selection of board members. ORS 656.712(1) provides:

> "The Workers' Compensation Board, composed of five members appointed by the Governor, is created within the Department of Consumer and Business Services. Not more than three members shall belong to one political party and inasmuch as the duties to be performed by the members vitally concern the employers, the employees, as well as the whole people, of the state, persons shall be appointed as members who fairly represent the interests of all concerned. All board members shall impartially apply the law in each case and shall not represent any special interest. However, at least two members shall be selected from among persons with background and understanding as to the concerns of employers and at least two members of the board shall be selected from among persons with background and understanding as to the concerns of employees. One member shall represent the interests of the public and shall serve as the board chairperson."

While the Governor appoints the members of the board, ORS 656.712(3), all members of the board are subject to confirmation by the Senate, ORS 656.712(4). ORS 656.716(1) prohibits all board members from holding

> "any other office or position of profit or pursu[ing] any other business or vocation or serv[ing] on or under any committee of any political party, but shall devote the entire time to the duties of the office of the member."

Before taking office, a board member must take an oath or an affirmation that the member will "faithfully and honestly discharge the duties of the office." ORS 656.716(2)(a).

ORS 656.718 describes how the board shall carry out its duties. ORS 656.718(2) provides that "[a] majority of the board's members shall constitute a quorum to transact the board's business. *No vacancy shall impair the right of the remaining members to exercise all the powers of the board.*" (Emphasis added.)

The board's duties include reviewing decisions by ALJs. The legislature has imposed time constraints on the board when it conducts its review. ORS 656.295(4) provides, in part:

"The board shall set a date for review as expeditiously as possible. Review shall be scheduled for a date not later than 90 days after receipt by the board of the request for review. Review shall not be postponed except in extraordinary circumstances beyond the control of the requesting party."

ORS 656.295(6) provides that, "[the board] shall make its decision within 30 days after the review." ORS 656.718(3) provides that "[i]n the exercise of authority to decide individual cases, members of the board may sit together or in panels. A decision of a panel shall be by a majority of the panel."

The legislative intent of the statutes is unambiguous. The legislature created a system for the fair, fast, impartial, and balanced processing of workers' compensation claims. While board members must have a background and understanding as to the concerns of employers, employees, or the public, all board members fairly represent the interests of all concerned. Further, all board members must impartially apply the law and not represent any special interest. The board must act expeditiously. By statute, a vacancy on the board does not preclude the remaining board members from exercising their statutorily mandated duties.

At the time this claim was before the board, there were only three board members. Those three members reviewed the case and issued a decision. The board did not abuse its statutorily delegated discretion in issuing a decision without an employer representative participating on the panel when no employer representative was a member of the board.

■■ Fred Meyer also argues that the board failed to give an adequate explanation for changing its long-standing policy of requiring both an employer and an employee representative on each panel. We disagree. First, there was no change in policy, as the board had no past policy with respect to the circumstances then existing. Second, the board gave an adequate explanation. The board's order on review notes that,

after consultation with its attorney, the board chose to decide cases as a panel of three members, as authorized by ORS 656.718(2) and (3). In its order on reconsideration, the board again explained why it chose to act as a panel of three. In a concurring opinion, Board Chair Bock noted that the board did normally act in panels consisting of an employer and an employee representative with the board chair acting, when needed, as a "tie-breaker." Bock explained why she concurred with the other board members that this case should not be submitted to a new panel:

> "[I]n those cases where similar 'postponement/panel reassignment' motions are filed, an initial Board order has not yet issued, and an 'employer' background member has arrived to participate in the review process (*i.e.*, after April 22, 2002), it is my position that such cases should be reviewed by a panel that includes a member with an 'employer' background. *Nonetheless, where, as here, such motions are delivered after the issuance of a statutorily valid order that was mailed during a vacancy of 'employer' background members, I will adhere to the initial reviewing panel's decision to retain its review authority over the case.*

(Emphasis added.) The board gave an adequate explanation of its decision to continue to decide individual cases in the unique circumstances then existing.

Affirmed.